UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

NANCY DAWKINS,

Plaintiff(s),

v.

NEW YORK CITY BOARD OF ELECTIONS; [COMMISSIONERS IN THEIR OFFICIAL CAPACITIES];

Defendants.

**25 CV 10827**

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 30 AM 11: 35

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. § 1983)

Plaintiff(s), by and through undersigned counsel (or pro se), allege as follows:

# I. NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief under **42 U.S.C. § 1983** to remedy ongoing and imminent violations of the **Equal Protection and Due Process Clauses of the Fourteenth Amendment** arising from the administration, tabulation, reporting, and certification of the **2025 New York City Mayoral Election**.

2. Plaintiff(s)—including a registered voter and candidate(s)—bring this action to restore **lawful, transparent, and rule-bound election administration**, to prevent the entrenchment of results allegedly derived from **non-statutory, opaque, and arbitrary practices**, and to preserve meaningful judicial review before certification or reliance on challenged results renders constitutional injuries irreparable.

# II. JURISDICTION AND VENUE

3. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343** because the action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**.

4. Declaratory relief is authorized by **28 U.S.C. §§ 2201–2202**.

5. Venue is proper in this District under **28 U.S.C. § 1391(b)** because Defendants reside in this District and the events giving rise to the claims occurred in the Southern District of New York.

## III. PARTIES

6. **Plaintiff(s)** include a registered voter in New York City and candidate(s) for public office who were eligible to vote and to have votes cast and counted in accordance with law in the 2025 New York City Mayoral Election.

7. **Defendant New York City Board of Elections ("NYC BOE")** is a municipal entity responsible for administering elections in New York City and acted at all relevant times under color of state law.

8. **Defendant Commissioners** of the NYC BOE are sued in their official capacities for prospective declaratory and injunctive relief.

## IV. FACTUAL ALLEGATIONS

### A. Failure to Certify Election Results

9. The NYC BOE failed and refused to certify the results of the 2025 New York City Mayoral Election in accordance with statutory requirements.

10. The absence of certification prevented lawful ballots from being recognized, validated, audited, and reported as required by law, thereby depriving voters and candidates of **procedural due process** and **equal protection**.

### B. Unauthorized Election District Designations ("Woodlawn Cemetery")

11. The NYC BOE published official results for three election districts labeled **"Woodlawn Cemetery"**—a location that is not a lawful polling place or statutorily authorized election district.

12. A total of **1,792 votes** were attributed to these non-existent or unauthorized districts.

13. By attributing and counting ballots under an unlawful district classification, Defendants administered the election in an **arbitrary and opaque** manner that diluted lawful votes and prevented meaningful verification, in violation of the Fourteenth Amendment.

### C. Unrecorded Ballots

14. In the 2025 mayoral election, **24,443 ballots** were cast but not recorded or reported.

15. Federal law, **52 U.S.C. § 10307(a)**, and New York Election Law **§ 9-108** require that votes of eligible voters be counted and reported.

16. Defendants' failure to record and report these ballots deprived affected voters of the right to have their votes counted and constituted arbitrary election administration actionable under § 1983.

### D. Non-Statutory Voter Classifications ("Permanent Absentee Voters")

17. New York Election Law recognizes absentee ballots and certain categories such as military and permanently disabled voters; it does **not** recognize a category of **"Permanent Absentee Voters."**

18. The NYC BOE nevertheless created and applied a non-statutory classification labeled "Permanent Absentee Voters," risking misprocessing and unequal treatment of ballots.

19. Defendants aggregated ballots from this non-existent category with legally distinct categories, including military voters, and published combined results.

20. This aggregation rendered verification, audit, and challenge impossible and resulted in **vote dilution** and **procedural due process** violations.

### E. Ballots Cast Outside the Jurisdiction

21. The NYC BOE accepted and counted **158,233 ballots** cast from outside New York City in the mayoral election.

22. The vast majority of these ballots were attributed to the non-statutory "Permanent Absentee Voters" category rather than to legally defined military voters.

23. Counting ballots cast by persons not domiciled in New York City diluted lawful votes of qualified city voters and violated equal protection and due process.

### F. Opaque and Misleading Reporting ("+9 points")

24. NYC BOE-issued results included a designation **"+9 points"** without explanation, legal meaning, or statutory basis.

25. The use of unexplained metrics by a state actor in election reporting is arbitrary and undermines transparency essential to democratic elections.

### G. Misreported Vote Percentages and Recount Threshold

26. Based on published totals, the winning candidate received **50.219%** of the vote, not **50.9%** as reported.

27. A margin of approximately **50.2%** triggered an **automatic recount** under New York Election Law **§ 9-208(4)(a)**.

28. By overstating the percentage and failing to initiate a mandatory recount, Defendants denied voters statutory safeguards and procedural due process.

### H. Failure to Address Eligibility and Compliance Concerns

29. Defendants failed to investigate or refer for judicial review substantial questions regarding campaign finance compliance and candidate eligibility raised under applicable federal and state law.

30. The failure to take required, ministerial steps to address such objections further reflects arbitrary and capricious election administration.

# V. CLAIMS FOR RELIEF

## COUNT I

**Violation of Equal Protection (Fourteenth Amendment)** (42 U.S.C. § 1983)

31. Defendants treated similarly situated voters differently by counting and aggregating ballots under unlawful district and voter classifications while subjecting lawful ballots to statutory safeguards.

32. These practices resulted in vote dilution and unequal treatment, violating the Equal Protection Clause.

## COUNT II

**Violation of Procedural Due Process (Fourteenth Amendment)** (42 U.S.C. § 1983)

33. Defendants administered the election in an opaque, non-statutory manner that deprived voters and candidates of notice, transparency, and meaningful procedures to verify, audit, and challenge results.

34. Such arbitrary state action violates procedural due process.

## COUNT III

**Failure to Count and Report Votes** (52 U.S.C. § 10307(a); 42 U.S.C. § 1983)

35. Defendants willfully failed to count and report thousands of ballots cast by eligible voters, depriving them of fundamental voting rights.

## VI. IRREPARABLE HARM

36. Absent immediate injunctive relief, Plaintiff(s) will suffer irreparable harm, including permanent vote dilution, loss of recount and challenge rights, and entrenchment of results derived from unlawful procedures.

## VII. PRAYER FOR RELIEF

Plaintiff(s) respectfully request that the Court:

A. Declare that Defendants' challenged practices violate the Fourteenth Amendment and federal law;

B. Enter **mandatory and prohibitory injunctive relief** requiring Defendants to preserve election materials; segregate and identify ballots cast or counted under unlawful classifications; provide an accounting of unrecorded ballots; and refrain from certification or reliance on challenged results pending judicial review;

C. Order such further relief as necessary to restore lawful, transparent election administration, including recount procedures if triggered by corrected totals;

D. Award costs and reasonable attorneys' fees under **42 U.S.C. § 1988**; and

E. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff(s) demand a jury trial on all issues so triable.

Dated: December 30, 2025,

New York, New York


Respectfully submitted,

*/s/ Dawkins*

Nancy Dawkins,
114 John Street, Unit 5, New York, New York 100388;
(332) 200-0588; nancydawkins@live.com