UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY DAWKINS,

                    Plaintiff,

                -against-

NEW YORK CITY BOARD OF ELECTIONS;
COMMISSIONERS IN THEIR OFFICIAL
CAPACITIES,

                    Defendants.

25-CV-10827 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nancy Dawkins, who is proceeding *pro se,* brings this action under 42 U.S.C. § 1983, challenging what she alleges are constitutional violations "arising from the administration, tabulation, reporting, and certification of the 2025 New York City Mayoral Election." (ECF 1, at 1.) Plaintiff seeks to bring this action as a class action, and she also seeks a preliminary injunction. For the reasons set forth below, the Court denies Plaintiff's request to bring this action as a class action, directs her to file an amended complaint in which she asserts only claims on her own behalf, and denies her request for preliminary injunctive relief.

## DISCUSSION

**A.      Class action and order to amend**

Plaintiff Dawkins seeks to bring this action as a class action. As a nonlawyer, however, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the

practice of law by a governmental regulatory body, and that by a person representing himself'").

Furthermore, a nonlawyer *pro se* plaintiff cannot act as a class representative and bring a class

action. *Rodriguez v. Eastman Kodak Co.*, 88 F. App' x 470, 471 (2d Cir. 2004) (summary order)

(citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). The Court therefore denies

Plaintiff's request to proceed with this action as a class action. (ECF 4.)

Perhaps because Plaintiff attempts to bring this action as a class action, the complaint

appears to include allegations that may not be personal to Plaintiff. For example, the complaint

asserts claims on behalf of "Plaintiff(s) . . . including a registered voter and candidate(s)" (ECF

1, at 1), and the Plaintiffs are similarly described as "includ[ing] a registered voter in New York

City and candidate(s) for public office" who were entitled to have their votes cast and counted in

the 2025 New York City mayoral election (*id.* at 2). With respect to the harm to be remedied, the

complaint further states that "Plaintiff(s) will suffer irreparable harm, including permanent vote

dilution, loss of recount and challenge rights, and entrenchment of results derived from unlawful

procedures." (*Id.* at 5.)

Because Plaintiff can only assert claims on her own behalf, the Court directs Plaintiff,

within 30 days of the date of this order, to file an amended complaint that includes only

allegations and claims that are personal to her. Plaintiff should state whether she is a registered

voter and/or a candidate for office during the 2025 mayoral election, and she should describe

only the harm and injuries that she personally suffered.

**B.      Motion for preliminary injunctive relief**

Plaintiff, proceeding *pro se,* has filed a motion requesting preliminary injunctive relief.

To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and

(2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions

going to the merits to make them a fair ground for litigation and a balance of hardships tipping

decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. For example, as stated above, as a nonlawyer, Plaintiff cannot bring claims on behalf of others, and her complaint does not make clear which allegations and injuries are personal to her. Accordingly, Plaintiff's request for an order to show cause (ECF No. 5) is denied without prejudice. The Court will address any claims Plaintiff asserts in an amended complaint in due course.

### CONCLUSION

The Court denies Plaintiff's request to bring this action as a class action. (ECF 4.)

The Court also denies without prejudice Plaintiff's motion for preliminary injunctive relief. (ECF 5.)

The Court directs Plaintiff, within 30 days, to file an amended complaint that asserts claims only on her own behalf and alleges only facts and injuries personal to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 20, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4